IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FIDELITY AND DEPOSIT COMPANY OF MARYLAND,** <br> Plaintiff, <br><br> v. <br><br> **MAIN STREET PHASE II, L.P. and MAIN STREET PHASE III, L.P.,** <br> Defendants. | CIVIL ACTION <br><br><br> NO.  21-3576 |

**O R D E R**

**AND NOW**, this 25th day of April, 2022, upon consideration of Defendants' Motion to Dismiss or, in the Alternative, to Stay Action (ECF No. 28), Plaintiff's Opposition thereto (ECF No. 29), and Defendants' Reply (ECF No. 30), it is **HEREBY ORDERED THAT** Defendants' Motion is **DENIED**.[1]

BY THE COURT:

*/s/ Wendy Beetlestone*

**WENDY BEETLESTONE, J.**

---

[1] Defendants Main Street Phase II, L.P. and Main Street Phase III, L.P. contracted with third party Jeffrey M. Brown Associates, LLC ("JMB"), a general contractor, for the construction of apartment units in Exton, Pennsylvania. Plaintiff Fidelity and Deposit Company of Maryland acted as surety.  When JMB defaulted on its obligations, it entered into a Liquidated Damages Settlement Agreement and Dedication of Contract Balance with Plaintiff and Defendants (the "Settlement Agreement").  Defendants' discontent with the status of the project led to arbitration proceedings, which are now pending.  Meanwhile, Plaintiff filed this action seeking to enjoin Defendants to pay a certain sum of money into an escrow account pursuant to the Settlement Agreement.  The Settlement Agreement provides that the funds are to be deposited upon "Final Completion" of JMB's obligations under the initial construction contract.

Defendants argue that JMB is a required and indispensable party to this action under Federal Rule of Civil Procedure 19(a)(1). JMB is not a required party under Rule 19(a)(1)(A) because its absence would not prevent the Court from "accord[ing] complete relief among existing parties": Plaintiff seeks the deposit into escrow of funds that Plaintiff alleges are entirely in Defendants' control. JMB is not a required party under Rule 19(a)(1)(B)(i) because Defendants have not shown that JMB's interests in the suit would be impaired or impeded by issue preclusion in a subsequent suit—neither speculation about possible preclusion nor the actual risk of an unfavorable "persuasive precedent" suffices to show impairment of JMB's interests. *Huber v. Taylor*, 532 F.3d 237, 250-51 (3d Cir. 2008). Indeed, as JMB is not in privity with either Plaintiff or Defendants, it is not clear how issue preclusion could ever bar JMB from litigating an issue decided in this suit. *Id.* at 251. JMB is not a required party under Rule 19(a)(1)(B)(ii) because Defendants have not shown that they would face a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations" due to JMB's absence. This Court could hold that Defendants must deposit funds into escrow and the arbitrators could find that Defendants need not do so (or vice versa), but such an eventuality would not impose any inconsistent obligations on Defendants. Because JMB is not a required party, it need not be considered whether joinder would be feasible or JMB is an indispensable party. *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312-13 (3d Cir. 2007).

The Parties also raised arguments about (1) the effect of a prior state court decision, *Main Street Phase II, L.P. v. Jeffrey M. Brown Assocs., LLC*, No. 2021-07066-CT (C.C.P. Chester Cnty. Nov. 24, 2021), which held that Defendants' claims against Plaintiff and JMB were governed by the arbitration clause contained in the Settlement Agreement; and, (2) whether Plaintiff's claims in this suit fall within the scope of that arbitration clause. However, neither party cited to any relevant case law in support of their position. *See* Eastern District of Pennsylvania Local Rule 7.1(c). Nor have Defendants shown that an indefinite stay would be appropriate. *See CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 139 (3d Cir. 2004) ("The opposing party must state a clear countervailing interest to abridge a party's right to litigate.").