

1765 Greensboro Station Place, Suite 1000
McLean, Virginia  22102

Telephone:  703-749-1000
Facsimile:  703-893-8029
www.watttieder.com

July 27, 2022

Christopher J. Brasco
Senior Partner
Direct Telephone:  703-749-1076
cbrasco@watttieder.com

**VIA EMAIL**

The Honorable Wendy Beetlestone
United States District Court
Eastern District of Pennsylvania
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106-1797
Telephone: 267-299-7450 | Facsimile: 267-299-5099

      Re:    Fidelity & Deposit Company of Maryland's Opposition to Main Street Phase II,
             <u>L.P. and Main Street Phase III, L.P.'s Motion to Quash Subpoena to M&T Bank</u>

Your Honor:

      This letter responds to the Motion to Quash filed by Defendants Main Street Phase II, L.P. and Main Street Phase III, L.P. (collectively, "Main Street"), ECF 43 (the "Motion"). Main Street seeks to quash Plaintiff Fidelity & Deposit Company of Maryland's ("F&D") subpoena to third-party M&T Bank ("M&T") for documents and information related to a construction project for which M&T was Main Street's lender (the "Subpoena"). Because the Motion is a dispute regarding F&D's Subpoena, F&D views it as falling within Rule III(C)(2) of Your Honor's *Policies and Procedures* for civil cases. As a result, F&D submits this opposition in the form of a letter. *See* Hon. Wendy Beetlestone, Pol'ys & Procs., Civil Cases § III(C)(2) (requiring that discovery disputes first be submitted to the Court as letters rather than motions). To the extent this opposition is required to be in a more formal writing, however, F&D is of course willing and able to revise and submit it accordingly.

**I.**      **F&D's Subpoena Seeks Discoverable Information That Is Relevant to the Parties'**
         **Claims and Defenses and Thus Does Not Warrant Quashing**

      F&D's Subpoena requests discoverable information from M&T, and thus Main Street's motion to quash should be denied. As an initial matter, Main Street lacks the standing required to move for quashing because the subpoena is directed at a third party, not Main Street. Thus, Main Street is not being harmed, and is suffering no injury to speak of. Second, Main Street fails to meet its burden to quash the Subpoena under the applicable standard of review, which Main Street misrepresented in its Motion. Third, the Subpoena seeks discoverable information immediately relevant to the parties' claims and defenses, this being particularly the case when viewed under the FRCP's and the Third Circuit's liberal and broad discovery standards.

The Honorable Wendy Beetlestone
July 27, 2022
Page 2

## A. Main Street Lacks Standing to Move to Quash the Subpoena on the Bases of Relevance and Overbreadth

As a key threshold issue, Main Street lacks standing to quash the Subpoena on the bases of relevance and overbreadth. Ziner v. Cedar Crest Coll., No. 04-3491, 2006 WL 8409873, at *2 (E.D. Pa. May 30, 2006) (observing that "[a]s a preliminary issue, the Court must consider matters of standing," and holding that a party did not have standing to quash a third-party subpoena on the bases of relevance or undue annoyance). It is well-established that "[g]enerally, only the party to whom a subpoena is directed has standing to quash or modify the subpoena." SFR Equities, LLC v. Warren Hill, LLC, No. 20mc8, 2020 WL 977380, at *1 (E.D. Pa. Feb. 28, 2020) (denying motion to quash third-party subpoena). And a motion to quash based on relevance or undue burden – e.g., the burden imposed by overbroad document requests – may be brought only by the subpoenaed third party. Id.; see Ziner, 2006 WL 8409873, at *2 ("Any allegations that the documents sought are irrelevant or unduly burdensome belong solely to [the subpoenaed third party] and may not be asserted by the [party moving to quash] . . . .")

As discussed below, the documents and records that F&D seeks from M&T are relevant, and F&D's requests are not overly broad. Even if the documents were irrelevant or overly broad, however, the resulting burden would fall on M&T, not Main Street. In short, Main Street is not harmed in any way by the Subpoena. See Green v. Cosby, 314 F.R.D. 164, 173 (E.D. Pa. 2016) (holding that a party "lacks standing to challenge a third-party subpoena based on undue burden because it is the third-party that faces the burden of production and not the [party moving to quash]"). Main Street therefore lacks standing to move to quash, and the Motion should be denied for this reason alone.

## B. Main Street Fails to Carry Its Heavy Burden to Quash the Subpoena Under the Applicable Standard of Review

Even supposing that Main Street had standing to quash the Subpoena, it fails to carry its heavy burden under the applicable standard. As the party moving to quash, Main Street "has a 'heavy' burden of establishing that the subpoena is improper." Thorpe v. City of Phila., No. 19-5094, 2021 WL 2554625, at *2 (E.D. Pa. June 22, 2021) (denying motions to quash third-party subpoenas). The subpoenaing party need only show that its subpoena falls into the characteristically "liberal and broad" parameters of discovery under Federal Rule of Civil Procedure ("FRCP") 26(b)(1). Id. at *1. The "heavy burden" then falls to the movant to "demonstrat[e] that the third-party subpoena[] must be quashed." Saller v. QVC, Inc., No. 15-2279, 2016 WL 8716270, at *6 (E.D. Pa. June 24, 2016).[1] To satisfy this burden, Main Street

_____

[1] In its Motion, Main Street states that "[o]nce a motion to quash a subpoena is filed, the subpoena's issuer must show good cause for discovery requested." Mot. to Quash, ECF 43, at 4. Main Street patently misstates the law. There is simply no such requirement that F&D "must show good cause" for its discovery, and certainly not one that automatically attaches as soon as a party files a motion to quash. Indeed, for its erroneous proposition, Main Street cites a foreign case that addresses an entirely different set of rules (the Federal Rules of Bankruptcy Procedure) governing depositions in bankruptcy proceedings. See In re Eagle-Picher Indus., Inc., 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994). As this Court is well aware, the Federal Rules of Civil Procedure – which govern this action – "provide[] for liberal and broad discovery," Thorpe, 2021 WL 2554625, at *1, and it is Main Street, not F&D, that bears the

The Honorable Wendy Beetlestone
July 27, 2022
Page 3

"must demonstrate that the requested discovery (1) does not come within the broad scope of relevance under the Federal Rules of Civil Procedure, or (2) is of such marginal relevance that the harm would outweigh the presumption in favor of disclosure." Berger v. Weinstein, Nos. 08-5861 & 08-4059, 2015 WL 3622934, at *1 (E.D. Pa. June 10, 2015) (denying motion to quash third-party subpoena).

Main Street's single page addressing the relevance of the documents F&D seeks and its paragraph alleging overbreadth fall far short of satisfying its substantial burden. Main Street remarks that F&D's document requests "have no bearing" on the case, are "neither relevant nor reasonably calculated to lead to the discovery of admissible evidence," and are a "vastly overbroad" "fishing expedition." Mot. to Quash, ECF 43, at 9, 12. Such conclusory assertions certainly do not demonstrate that the requested documents are outside of FRCP 26's broad scope of relevance or that they are so marginally relevant that the harm caused by production outweighs the presumption favoring disclosure. At best, Main Street's argument constitutes a "boilerplate objection [that] fails to satisfy the heavy burden necessary to quash under Rule 45." Saller, 2016 WL 8716270, at *6. And, as discussed below, F&D's Subpoena seeks documents wholly relevant to both party's claims and defenses.

### C.     The Documents That F&D Seeks Through the Subpoena are Relevant to the Parties' Claims and Defenses

It is axiomatic that the scope of discovery is broad; parties are entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); see McCowan v. City of Phila., No. 19cv3326, 2020 WL 6485097, at *2 (E.D. Pa. Nov. 4, 2020) (explaining that third-party subpoenas need only satisfy FRCP 26(b)(1), quoted above). Relevance is "construed broadly to encompass any matter that could bear on, or that could reasonably lead to other matter that could bear on any issue that is or may be in the case." Oppenheimer Funds v. Sanders, 437 U.S. 340, 351 (1978).

The documents F&D seeks are clearly relevant to both F&D's and Main Street's claims and defenses. For example, Main Street argues that it is under no duty to deposit disputed funds into escrow because the construction project has not achieved final completion. See Defs.' Affirmative Defenses, ECF 36 ¶ 10 (asserting that final completion has not been achieved); id. ¶ 14 (asserting that Main Street has fulfilled all duties that it owes F&D). F&D seeks communications between Main Street and M&T that relate to the construction project, including any representations by Main Street to M&T regarding the final completion of the project in order to receive loan proceeds. Such representations would squarely address Main Street's argument that the project has not reached final completion. M&T's documents could also show that Main Street has not asserted the project's alleged failure to reach final completion as a barrier to requesting the bank to provide funds it had a duty to escrow. Such a nonassertion would suggest Main Street's

---

"heavy burden of demonstrating that the third-party subpoena[] must be quashed." Saller, 2016 WL 8716270, at *6; see City of St. Petersburg v. Total Containment, Inc., No. 07-191, 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008) (denying motion to quash third-party subpoenas and holding that "[i]t is [the movant's] burden to establish the requirements of Rule 45 as the party seeking to quash the subpoena").

The Honorable Wendy Beetlestone
July 27, 2022
Page 4

agreement with F&D that final completion of the project is not a precondition to its obligation to escrow some or all of the disputed funds.

Further still, M&T's records could show that Main Street has prevented the depositing of funds into escrow by not invoicing M&T for the funds. If so, this information would show Main Street violating the prevention doctrine by refusing to fulfill a condition precedent to its own obligation to escrow the funds. See Apalucci v. Agora Syndicate, Inc., 145 F.3d 630, 634 (3d Cir. 1998) (explaining that, under "principles of fairness and equity," "when one party to a contract unilaterally prevents the performance of a condition upon which his own liability depends, the culpable party may not then capitalize on that failure").

The documents that F&D seeks are also relevant to its claims that it is being irreparably harmed by Main Street's refusal to escrow the disputed funds. See, e.g., Pl.'s Compl. ¶ 53 (alleging that Main Street "is irreparably harming the Surety [F&D] by not depositing the Balance Due the Surety in the Escrow Account"). M&T's documents could bear on irreparable harm by showing whether Main Street possesses any alternative methods of securing the amounts owed to F&D, as well as whether the project is currently leveraged such that F&D cannot recover from the property.

In summary, the documents and information that F&D seeks are plainly relevant to the claims and defenses of both parties. It is certainly the case that the documents "could bear on, or that [they] could reasonably lead to other matter that could bear on any issue that is or may be in the case." Oppenheimer Funds, 437 U.S. at 351. Because of this and the fact that Main Street has failed to meet its heavy burden of demonstrating why the Subpoena should be quashed (even assuming it had standing to so move), the Motion should be denied.

## II     F&D Has Repeatedly Offered to Agree to a Protective Order to Alleviate Main Street's Concerns Regarding Confidentiality

Main Street argues that the Subpoena must be quashed because it seeks confidential financial records. Main Street's argument fails. Given the liberal scope of discovery, the proper approach to guarding confidential information is imposing a protective order that limits disclosure outside of the litigation rather than quashing an entire subpoena. Cf. Green, 314 F.R.D. at 170. A party moving to quash on the premise that the subpoena seeks allegedly confidential information bears a "particularly heavy [burden] . . . as contrasted to some more limited protection' such as a protective order." First Sealord Sur. v. Durkin & Devries Ins. Agency, 918 F. Supp. 2d 362, 383 (E.D. Pa. 2013) (quoting Pepsi-Cola Metro. Bottling Co. v. Ins. Co. of N. Am., Inc., No. 10mc222, 2011 WL 239655, at *3 (E.D. Pa. Jan. 25, 2011)) (denying motion to quash third-party subpoena).

Counsel for F&D has repeatedly offered to enter into a reasonable and appropriate protective order so as to ensure that Main Street's records are not disclosed beyond this litigation. See Ex. A (first highlighting added); Ex. B (same). Counsel for Main Street has ignored these offers, neither proposing a protective order nor engaging meaningfully with counsel for F&D regarding the same. In other words, Main Street is tacitly dismissing a simple and sensible resolution to its confidentiality concerns, seemingly preferring to move this Court to quash F&D's

The Honorable Wendy Beetlestone
July 27, 2022
Page 5

lawful subpoena entirely. This Court should not reward Main Street's conduct. F&D remains ready and willing to resolve Main Street's concerns over confidentiality by entering a protective order.

**III.    Conclusion**

For the reasons set forth above, F&D's Subpoena seeks relevant and discoverable information, and Main Street has failed to carry its heavy burden of showing that the Subpoena must be quashed. Accordingly, F&D respectfully requests that this Court deny Main Street's motion.

Respectfully submitted,

**Watt, Tieder, Hoffar & Fitzgerald, L.L.P.**

Christopher J. Brasco, Esq.

*Counsel for Fidelity & Deposit Company of Maryland*

cc:    Sandhya M. Feltes
        Steven M. Coren
        Noah Charlson
        Adam Tuckman
        Noah Meissner

# Exhibit A

| | |
|---|---|
| **From:** | Adam Tuckman |
| **To:** | Sandhya M. Feltes; Noah Charlson; Christopher Brasco |
| **Cc:** | Steven Coren; Marc B. Kaplin |
| **Subject:** | RE: Fidelity and Deposit Company of MD vs. Main Street Phase II, LP, et. al. [KS-IMAN_BB.FID916858] |
| **Date:** | Monday, July 18, 2022 9:48:30 AM |
| **Attachments:** | image001.jpg |

Sandy,

I am available tomorrow ideally between noon and 1pm to confer regarding your letter and the bases for F&D's subpoena.  Please let me know if that time works for you.

Regards,

**Adam M. Tuckman** | PARTNER

**Watt, Tieder, Hoffar & Fitzgerald, LLP**

**WASHINGTON D.C. METRO | IRVINE | CHICAGO | MIAMI | BOSTON**

1765 Greensboro Station Place, Suite 1000, McLean, VA 22102

**dd:** 703-749-1065 | **email:** atuckman@watttieder.com

---

**From:** Sandhya M. Feltes <sfeltes@kaplaw.com>
**Sent:** Monday, July 18, 2022 7:45 AM
**To:** Noah Charlson <noah@charlsonlaw.com>; Christopher Brasco <cbrasco@watttieder.com>; Adam Tuckman <ATUCKMAN@watttieder.com>
**Cc:** Steven Coren <SCoren@kcr-law.com>; Marc B. Kaplin <MKaplin@kaplaw.com>
**Subject:** RE: Fidelity and Deposit Company of MD vs. Main Street Phase II, LP, et. al. [KS-IMAN_BB.FID916858]

---

~>>>Alert: This is an external email, USE CAUTION when opening attachments and links.<<<~

---

See attached letter.

Sandhya M. Feltes, Esq.
**KAPLIN STEWART**
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422-0765
(610) 941-2561
(610) 684-2011 (fax)
email:  sfeltes@kaplaw.com
See My Mobile Card

🌲 **Please consider the environment before printing this e-mail**



# Exhibit B

| | |
|---|---|
| **From:** | Adam Tuckman |
| **To:** | Sandhya M. Feltes; noah@charlsonlaw.com; Christopher Brasco |
| **Cc:** | Steven Coren; Marc B. Kaplin |
| **Subject:** | RE: Fidelity and Deposit Company of Maryland v. Main Street Phase II, LP, EDPa, 21-3576 [KS-IMAN_BB.FID916858] |
| **Date:** | Monday, July 25, 2022 10:29:57 AM |
| **Attachments:** | image001.jpg |

Sandy,

We received your letter.  The idea of going to the Court appears to us unnecessary, and at best, premature.   We were supposed to hear from you as well on your client's position after our call and we did not on Friday as well.

In any event, we can agree to the general parameters of the process that you proposed whereby subpoenaed productions are provided to you as counsel for Main Street for counsel to conduct a privilege review given that you have represented that these parties served as non-testifying experts.  As you indicated on your call that you believe this procedure fits under the discovery protocol, any third-party documents over which Main Street asserts a privilege must be included on a privilege log consistent with the discovery protocol so that we can meaningfully assess the claim of privilege.  In addition, we expect that the third parties will timely provide you with the documents so that the documents can be produced to us promptly thereafter.

Regarding the M&T bank subpoena, we will agree that the above-process applies as well, although we do not agree that the subpoena is irrelevant.

Regards,

**Adam M. Tuckman** | PARTNER

**Watt, Tieder, Hoffar & Fitzgerald, LLP**

**WASHINGTON D.C. METRO | IRVINE | CHICAGO | MIAMI | BOSTON**

1765 Greensboro Station Place, Suite 1000, McLean, VA 22102

**dd:** 703-749-1065 | **email:**  atuckman@watttieder.com

---

**From:** Sandhya M. Feltes <sfeltes@kaplaw.com>
**Sent:** Monday, July 25, 2022 6:59 AM
**To:** noah@charlsonlaw.com; Christopher Brasco <cbrasco@watttieder.com>; Adam Tuckman <ATUCKMAN@watttieder.com>
**Cc:** Steven Coren <SCoren@kcr-law.com>; Marc B. Kaplin <MKaplin@kaplaw.com>
**Subject:** Fidelity and Deposit Company of Maryland v. Main Street Phase II, LP, EDPa, 21-3576 [KS-IMAN_BB.FID916858]

---

~>>>Alert: This is an external email, USE CAUTION when opening attachments and links.<<<~

---

See attached letter.

Sandhya M. Feltes, Esq.

**KAPLIN STEWART**
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422-0765
(610) 941-2561
(610) 684-2011 (fax)
email:  sfeltes@kaplaw.com
See My Mobile Card

🖨 **Please consider the environment before printing this e-mail**

