

**Sandhya M. Feltes**
Direct Dial: (610) 941-2561
Direct Fax: (610) 684-2011
Email: sfeltes@kaplaw.com
www.kaplaw.com

July 28, 2022

**VIA ECF**

Hon. Wendy Beetlestone, U.S.D.J.
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

RE:   **Fidelity and Deposit Company of Maryland v. Main Street Phase II, L.P., et al.**
      **USDC ED PA No. 21-3576**

Dear Judge Beetlestone:

We are counsel for Defendants Main Street Phase II, L.P. and Main Street Phase III, L.P. ("Main Street") in the above-referenced matter.   Please allow this letter to serve as Main Street's Reply in support of its Motion to Quash Plaintiff's Subpoena to M&T Bank.

1.      **Main Street Has Standing To Object To Plaintiff's Subpoena.**

Plaintiff's Subpoena to M&T Bank seeks Main Street's private financial records, including, *inter alia*:

- "Documents and Communications referencing or evidencing payments, draws, releases of funds, or other transfers of money pursuant to the Open-End Mortgage or the Note, Construction Loan, Loan Agreement, or Letter of Credit Documents…".

- Copies of the Note, Construction Loan, Loan Agreement and Letter of Credit Documents and all amendments thereto…".

- "A statement reflecting the amount presenting owed to M&T under the Open-End Mortgage or the Note, Construction Loan, Loan Agreement and/or Letter of Credit Documents…".

Main Street has a right and interest in its financial and bank records and, therefore, has standing to object to Plaintiff's Subpoena to M&T Bank.

**Kaplin Stewart Meloff Reiter & Stein, PC**
Union Meeting Corporate Center
910 Harvest Drive, P.O. Box 3037
Blue Bell, PA  19422-0765
610-260-6000 tel

*Offices in*
Pennsylvania
New Jersey

7333363v1

Hon. Wendy Beetlestone, U.S.D.J.
July 28, 2022

A party has standing to object to a nonparty subpoena where the party "claims 'some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty.'" *Davis v. Gen. Accident Ins. Co. of Am.*, 1999 WL 228944, at *2 (E.D. Pa. Apr. 15, 1999) (quoting *Dart Indus., Inc. v. Liquid Nitrogen Proc. Corp. of Cal.*, 50 F.R.D. 286, 291 (D. Del. 1970)).  See also, *Lakeview Pharmacy of Racine, Inc. v. Catamaran Corporation*, 2017 WL 4310221, *5  (M.D.Pa. Sept. 28, 2017 (finding that the defendant had standing to challenge a non-party subpoena which requested confidential and proprietary information regarding the defendant's business operations); *Green v. Cosby*, 216 F. Supp. 3d 560, 563 (E.D. Pa. 2016) (recognizing a personal right or interest, among other things, in bank accounts, confidential settlement agreements, and protective orders).

## 2.     The Subpoenaed Documents Are Not Relevant To Any Claim Or Defense.

M&T Bank's records are irrelevant to the parties' claims and defenses, and there is no reasonable, good faith basis for the production of bank records relating to Main Street's construction loan, mortgage, loan payments and letters of credit.

"A party seeking discovery bears the initial burden of demonstrating the requested discovery is relevant to its claim or defense." *Cedar Crestone, Inc. v. Affiliated Computer Services LLC*, 2014 WL 3055355, at *4 (M.D. Pa. 2014) (citing *Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, 'the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *McConnell v. Canadian Pac. Realty Co.*, 280 F.R.D. 188, 193 (M.D. Pa. 2011).

Plaintiff has not met it's burden of demonstrating that the Main Street's financial records are relevant to any party's claim or defense in this action. Documents relating to Main Street's construction loan, letters of credit, loan payments made by Main Street, and funds released by M&T have no bearing, let alone relevance, to the questions before this Court, i.e. whether Main Street must deposit funds into an escrow account under the parties' Liquidated Damages Agreement, and whether Plaintiff breached the terms of the Construction Contract, Performance Bond and Liquidated Damages Agreement by failing to complete its principal contractor's work on the Project and failing to compensate Main Street for its damages.

F&D's contention that its overbroad Subpoena to M&T Bank seeks documents relating to Final Completion is spurious.  The words "Final Completion" are not found anywhere in Plaintiff's Subpoena, nor is the scope of the Subpoena limited to documents relating to Jeffrey M. Brown's Final Completion of the Project.  Instead, Plaintiff casts a wide net in its fishing expedition for Main Street's financial records, demanding all construction financing documents and  all communications between the "members, partners, directors, officers, employees, agents, affiliates, representatives, consultants, and attorneys" of Main Street and M&T Bank.

Hon. Wendy Beetlestone, U.S.D.J.
July 28, 2022

Plaintiff's Subpoena to M&T Bank is overbroad and seeks irrelevant, confidential information with no limitation.  The Subpoena should be quashed.

**3.      F&D Refused To Execute A Confidentiality Agreement**

Even if any of M&T Bank's documents are discoverable, which is denied, the bank records contain Main Street's private financial and commercially confidential information, the disclosure of which could harm Main Street's business operations.

Plaintiff attempts to deflect from the confidential nature of M&T Bank's records by falsely stating to the Court that it "repeatedly" offered to agree to a protective order and that "counsel for Main Street has ignored these offers, neither prosing in a protective order nor engaging meaningfully" with Plaintiff's counsel.[1]

Plaintiff fails to disclose to the Court that Main Street initiated a meet and confer with Plaintiff's counsel on July 19, 2022 to discuss the Plaintiff's M&T Bank Subpoena.[2]  At the meet and confer, Plaintiff's counsel stated that they would consider the withdrawal of the M&T Bank Subpoena and provide their response by Friday, July 22, 2022.  Plaintiff did not respond.

On July 22, 2022, Main Street provided Plaintiff with a proposed Confidentiality Agreement.[3] The Confidentiality Agreement covers all confidential documents sought and produced in both this action and in the parallel action pending with the American Arbitration Association. *Id*. Plaintiff ignored the email and did not execute the Confidentiality Agreement. Plaintiff was also unwilling to discuss the relevance – or lack of relevance – of the documents demanded from M&T Bank: "we do not agree that the subpoena is irrelevant".[4]

For the reasons set forth herein and in Main Street's Motion to Quash, Main Street respectfully requests that Plaintiff's Subpoena to M&T Bank be quashed.

Respectfully,

*Sandhya M. Feltes*

Sandhya M. Feltes

Attachment

cc:      All counsel of record, via ECF

---

[2] See Motion to Quash, at Ex. 2.
[3] The July 22, 2022 email and Confidentiality Agreement are attached hereto as **Exhibit 4**.
[4] See A. Tuckman's July 25, 2022 Email attached as Exhibit B to Plaintiff's Response.

**EXHIBIT 4**

**Sandhya M. Feltes**

| | |
|---|---|
| **From:** | Sandhya M. Feltes <sfeltes@kaplaw.com> |
| **Sent:** | Friday, July 22, 2022 3:54 PM |
| **To:** | noah@charlsonlaw.com; Christopher Brasco; Adam Tuckman |
| **Cc:** | Steven Coren |
| **Subject:** | Main Street v. F&D //  F&D v. Main Street [KS-IMAN_BB.FID916858] |
| **Attachments:** | Confidentiality Agreement (2).DOC |

In response to Victory Fire Protection's request, attached is a draft Confidentiality Agreement.  I included reference to both the federal action and AAA action as we are seeking documents in connection with both matters.  Please sign and return the Agreement to me at your earliest convenience.

Sandhya M. Feltes, Esq.
**KAPLIN STEWART**
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422-0765
(610) 941-2561
(610) 684-2011 (fax)
email:  sfeltes@kaplaw.com
See My Mobile Card
🌱 Please consider the environment before printing this e-mail



**From:** Sandhya M. Feltes
**Sent:** Friday, July 22, 2022 11:10 AM
**To:** Mark C. Labrum, Esquire <mlabrum@fsdc-law.com>
**Cc:** noah@charlsonlaw.com; A. Lynne Scott (ascott@kaplaw.com) <ascott@kaplaw.com>
**Subject:** RE: Main St at Exton - - Non-Party Subpoena to Victory Fire Protection, Inc. [KS-IMAN_BB.FID916858]

Thank you for the email.  Noah and I will confer about the confidentiality agreement and I will get back to you.

Sandhya M. Feltes, Esq.
**KAPLIN STEWART**
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422-0765
(610) 941-2561
(610) 684-2011 (fax)
email:  sfeltes@kaplaw.com
See My Mobile Card
🌱 Please consider the environment before printing this e-mail



**From:** Mark C. Labrum, Esquire <mlabrum@fsdc-law.com>
**Sent:** Friday, July 22, 2022 8:54 AM

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FIDELITY AND DEPOSIT COMPANY     :
OF MARYLAND,     :
     : No. 21-CV-3576
        Plaintiff,     :
     :
        v.     :
     :
MAIN STREET PHASE II, L.P.  and     :
MAIN STREET PHASE III, L.P.,     :
        Defendants.     :

---

## AMERICAN ARBITRATION ASSOCIATION

MAIN STREET PHASE II, L.P.,     :
     : NO. 01-22-0000-1078
        Claimant,     :
     :
        v.     :
     :
JEFFREY M. BROWN ASSOCIATES, LLC     :
and     :
FIDELITY AND DEPOSIT COMPANY     :
OF MARYLAND,     :
        Respondents.     :

## <u>CONFIDENTIALITY AGREEMENT</u>

As part of this litigation, the parties and/or nonparties may produce documents and/or disclose information which they believe are confidential documents and information to the other parties in this action and their counsel ("Recipients").  With an understanding that the documents and information being produced contain what the producing party believes and defines as confidential information, Recipients agree to be legally bound by the following terms and conditions of this Confidentiality Agreement ("Agreement"):

1.      This Agreement applies to all information produced in this litigation designated by any party to this litigation as Confidential Information (hereinafter "Confidential Information").

2.      "Confidential Information" as used herein means any type or classification of information which is designated as confidential by any party to this litigation, whether it be a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise, to or for any of the parties in this proceeding, and includes, but is not limited to, origination and underwriting guidelines.   Notwithstanding the foregoing, it is understood and agreed that any designation of documents as "Confidential Information" shall be limited only to the terms of this Agreement and shall not be construed as a final determination that a document is confidential.

3.      For the purpose of conducting this litigation, material designated as Confidential Information may be disclosed to the following persons only:

(a)      The below-signed attorneys and their employees and any additional attorneys (and their employees) who are assisting them in the preparation of this litigation;

(b)      Business representatives of each party;

(c)      Any person who is consulted or retained as an expert by the parties or their attorneys described in subparagraph (a) above to assist in prosecution of this action;

(d)      (i) Any person scheduled to testify at a deposition, hearing or at trial after executing the Acknowledgement attached hereto as Exhibit A (ii) Potential witnesses to the extent they authored or received the confidential material in the ordinary course of business; (iii) Outside photocopying, graphic production

2

services or litigation support services employed by the Parties or their counsel to assist in this litigation and computer service personnel performing duties in relation to a computerized litigation system; (iv) Any other person whom the producing party agrees in writing may have access to the material, or whom the Court directs may have access to the material; and (v) Court reporters, stenographers, translators, Court personnel, jurors and alternate jurors, if any and

(e)     The Court;  and

(f)     The American Arbitration Association and/or the AAA Panel.

4.     Each deposition transcript page or portion thereof, each interrogatory answer or portion thereof, each produced document or portion thereof, and each answer to request for admission or portion thereof, which is in good faith deemed by a party or the producing nonparty to disclose confidential or proprietary information of that party or producing nonparty, shall be identified and marked "CONFIDENTIAL" by that party or producing nonparty.  In the case of deposition transcript pages, the designating party shall advise opposing counsel of the specific pages to be maintained in confidence within thirty (30) calendar days after receipt of the transcript of the deposition.  Pending notification from opposing counsel during the thirty (30) calendar day period, all transcript pages shall be treated as "CONFIDENTIAL" and may be used in accordance with such designation under this Confidentiality Agreement.

5.     Except as otherwise agreed, all Confidential Information produced during discovery, including deposition transcripts, documents (produced pursuant to document requests, subpoenas, or otherwise), interrogatory answers, and Confidential Information produced or created in the course of this litigation, shall be used solely for the purpose of this litigation, and

shall not be used for any other purpose, including any business or competitive purpose, or in any other litigation or legal proceeding.

6.      If any party objects to the designation of any material or information as Confidential Information, the objecting party shall inform the party or producing nonparty so designating the material, in writing, that it should not be so deemed.  Within ten (10) days of receiving the aforesaid notice, the parties and/or propounding nonparty will engage in reasonable efforts to resolve their differences concerning the designation of material as Confidential Information.  If the parties and/or propounding nonparty are unable to obtain resolution, within thirty (30) days, the party or producing nonparty designating the information or material as Confidential Information shall file a motion or by other means bring the issue to the Court or AAA Panel for determination.  Failure to do so shall result in a waiver of the Confidential Information designation.  Any material designated as Confidential Information shall continue to have such status until the parties agree otherwise in writing, or until the Court or AAA Panel rules that the material shall not be deemed Confidential Information.

7.      The inadvertent or unintentional production by a party or non-party of any privileged or otherwise protected information shall not be deemed a waiver or an impairment of any claim of privilege or protection, including without limitation the attorney-client privilege and the protection afforded by the attorney work-product doctrine.  Within five (5) business days after receiving written notice from a producing party or producing nonparty that privileged information, including copies or summaries thereof, has been inadvertently produced, the party receiving such notice shall return all such privileged information to the producing party or producing nonparty and, if a document, all copies of that document shall be destroyed.  A party that returns privileged information after receipt of notice may retain information not claimed to

4

be privileged that is sufficient to identify the document or other information that it returns, but may do so solely for the purpose of promptly challenging the privileged status and/or inadvertent waiver status of the document or information.  This paragraph shall not prejudice the right of any party to challenge a producing party's or producing nonparty's claim that information is privileged on any grounds.

8.      Within thirty (30) days after the final conclusion of this proceeding, including all appeals, all originals and reproductions of any documents produced and designated under this Confidentiality Agreement by a party or producing nonparty shall be returned to the producing party/producing nonparty, except to the extent that there may have been entered thereon any information which constitutes the receiving party's work product in which event such documents shall be destroyed by the receiving party.  Nothing in this Confidentiality Agreement shall prevent counsel from retaining a complete set of pleadings, but not discovery, after final conclusion of this proceeding.

9.      Nothing in this Confidentiality Agreement shall preclude Court officials or any certified reporter retained to transcribe depositions in this proceeding from access to designated materials during Court proceedings or depositions in this proceeding.

10.      The restrictions of this Confidentiality Agreement shall not apply to information which (a) was, is, or becomes public knowledge, not in violation of this Confidentiality Agreement, or (b) was or is acquired from a third party possessing such information and having no obligation of confidentiality to the designating party, or (c) the Recipients can establish was in its rightful and lawful possession at the time of disclosure or is developed independently by the Recipients without the use of Confidential Information.

1768757v.1

11.     Confidential Information shall not be made public or become part of the public record of this or any related subsequent litigation.  To the extent any party desires to electronically or publicly file any paper with the Court containing Confidential Information, such electronic or public filing shall redact all Confidential Information from that filing.  The party shall file the redacted Confidential Information with the Court in unredacted form pursuant to the following procedure:  Confidential Information contained in any paper filed with the Court, or used in connection with any motion or hearing in connection with this litigation or in any subsequent related litigation, shall be filed under seal in accordance with the rules of the Court, submitted to the Court in camera, or submitted in such other manner as the parties may agree or the Court may direct.  Any Confidential Information filed under seal shall be in a sealed envelope or container, shall be endorsed with the style of this proceeding and the words "Confidential — To Be Opened By Court Personnel Only," and shall be kept separate from the publicly available record.

12.     If a court or administrative agency requests production of the Confidential Information, issues a subpoena regarding the Confidential Information, or orders production of the Confidential Information from Recipient, Recipient agrees to promptly notify Defendants' attorney of the request, subpoena or order.

13.     The court may order disclosure of any subject covered by this stipulation or modify this stipulation at any time in the interest of justice.

**AGREED AND CONSENTED TO BY:**

Copies or facsimile transmissions of the below signatures shall have the same effect as and may be substituted for an original.

CHARLSON BRABER MCCABE
& DENMARK, P.C.

_____
Noah H. Charlson, Esq.
Attorney for Fidelity and Deposit
Company of Maryland and
Jeffrey M. Brown Associates, LLC

KAPLIN STEWART

_____
Sandhya M. Feltes, Esq.
Attorneys for Main Street Phase II, L.P.
and Main Street Phase III, L.P.

WATT TIEDER HOFFER &
FITZGERALD, LLP

_____
Christopher J. Brasco, Esq.
Noah R. Meissner, Esq.
Adam M. Tuckman, Esq.
Attorneys for Fidelity and Deposit
Company of Maryland

KAUFMAN COREN & RESS, P.C.

_____
Steven M. Coren, Esq.
Attorneys for  Main Street Phase II, L.P.
and Main Street Phase III, L.P.

7

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| FIDELITY AND DEPOSIT COMPANY | : | |
| OF MARYLAND, | : | |
| | : | No. 21-CV-3576 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MAIN STREET PHASE II, L.P.  and | : | |
| MAIN STREET PHASE III, L.P., | : | |
| Defendants. | : | |

**AMERICAN ARBITRATION ASSOCIATION**

| | | |
|---|---|---|
| MAIN STREET PHASE II, L.P., | : | |
| | : | NO. 01-22-0000-1078 |
| Claimant, | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY M. BROWN ASSOCIATES, LLC | : | |
| and | : | |
| FIDELITY AND DEPOSIT COMPANY | : | |
| OF MARYLAND, | : | |
| Respondents. | : | |

**ACKNOWLEDGMENT TO BE BOUND BY CONFIDENTIALITY AGREEMENT**


I, _____, have received a copy of, read, and understand the

attached Confidentiality Agreement, and I agree to abide fully by its terms.



Date: _____          _____

                                                                Signature

8