IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FIDELITY AND DEPOSIT COMPANY OF MARYLAND,**<br>         **Plaintiff,**<br><br>                    v.<br><br>**MAIN STREET PHASE II, L.P. et al,**<br>         **Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO.  21-3576** |

# O R D E R

**AND NOW**, this 2nd day of August, 2022, upon consideration of Defendant's Motion to Quash Plaintiff's Subpoena to M&T Bank (ECF No. 43), Plaintiff's Response (ECF No. 44), and Defendant's Reply (ECF No. 45), it is **HEREBY ORDERED** that the Motion is **DENIED**.[i]

                                          **BY THE COURT:**

                                          **/s/Wendy Beetlestone, J.**
                                          _____
                                          **WENDY BEETLESTONE, J.**

---

[i] Defendant Main Street Phase II, L.P. and Main Street Phase III, L.P. (collectively, "Main Street") has filed a Motion to Quash Plaintiff Fidelity and Deposit Company of Maryland's ("F&D") subpoena to M&T Bank ("M&T"), a third party.  The subpoena asks for production of, *inter alia*: communications between M&T and Main Street about the underlying construction project which led to the instant dispute; documents regarding the construction loan M&T provided Main Street to finance the project; and, communications between M&T and Main Street regarding default on various loans.

As a threshold matter, F&D argues that Main Street does not have standing to challenge a subpoena it issued to a third party.  But there is an exception to the standing rule which "permits a party to move to quash when it claims some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty." *First Sealord Sur. v. Durkin & Devries Ins. Agency*, 918 F. Supp.2d 362, 382 (E.D. Pa. 2013).  For instance, "[p]ersonal rights claimed with respect to bank account records give a party sufficient standing to challenge third-party subpoenas served upon financial intuitions holding such information."  *ITOCHU Int'l, Inc. v. Devon Robotics, LLC*, 303 F.R.D. 229, 232 (E.D. Pa. 2014).  Since F&D is subpoenaing M&T for Main Street's bank and financial records, and Main Street has a right and interest in those records, Main Street does have standing.

Main Street's motion to quash sets forth two arguments neither of which succeed: (1) that the subpoena seeks irrelevant information; and, (2) that it seeks confidential information.

First, the subpoena does seek relevant information. "The subpoenaing party need only show that its subpoena falls into the characteristically 'liberal and broad' parameters of discovery under Federal Rule of Civil Procedure ("FRCP") 26(b)(1)." *Thorpe v. City of Phila.*, 2021 WL 2554625, at *2 (E.D. Pa. June 22, 2021). Relevance is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Green v. Cosby*, 314 F.R.D. 164, 171 (E.D. Pa. 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Here, the documents F&D seeks are relevant because one of Main Street's main objections to F&D's payment demands is that it is under no duty to deposit disputed funds into escrow as the construction project has not achieved "final completion" under the terms of the agreement at issue. The subpoena seeks communications between Main Street and M&T that relate to the construction project, such as representations by Main Street to M&T regarding final completion of the project in order to receive loan proceeds. Such representations would address Main Street's argument that the project has not reached final completion.

If the party issuing the subpoena demonstrates the relevancy of the requested discovery, "the burden then shifts to the challenging party to either contest relevancy or show that the information sought falls within subsection (d)(3) of Rule 45." *Id.* This latter burden is "'particularly heavy to support a motion to quash as contrasted to some more limited protection' such as a protective order." *Id.* (quoting *First Sealord*, 918 F. Supp.2d at 383). The challenging party must "establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.* at 383 (quoting *McConnell v. Canadian Pac. Realty Co.*, 280 F.R.D. 188, 193 (M.D. Pa. 2011)). Main Street argues in its Motion that the construction loan obtained by M&T "has no bearing on the parties' breach of contract claims." In its Reply, Main Street only puts forth general remarks on how the requested documents have "no bearing, let alone relevance, to the questions before this Court." Such remarks do not satisfy the heavy burden placed upon the challenging party by establishing a lack of relevance.

Second, Main Street argues that the records F&D seeks are highly sensitive and therefore beyond the scope of discovery. Notably, all of the cases Main Street cites to in its motion for the proposition that bank records are too sensitive to disclose are non-precedential. F&D says that it has reached out to Main Street to agree to a protective order but that Main Street has refused. If the parties wish to negotiate a confidentiality agreement with respect to the subpoenaed documents they are free to do so—but any such negotiation shall not delay production of responsive documents.

Relatedly, Main Street argues that "[t]he documents and information sought in the Subpoena also subject M&T Bank to violate its duty – as a matter of law – to keep Main Street's financial information confidential," citing *McGuire v. Shubert*, 722 A.2d 1087, 1091 (Pa. Super. 1998). The *McGuire* Court recognized a "duty on a bank and its employees to keep a customer's bank account information confidential" as "an implied contractual duty under Pennsylvania common law." *Id.* at 1091. However, the account information in that case was not obtained through a formal discovery request but was obtained because a party to the property dispute was an employee at the bank. *Id.* at 1089. Here, the request for bank records is a formal request for discovery made pursuant to this litigation. That case is therefore inapplicable to this dispute, and Main Street's confidentiality argument fails to be persuasive.

Finally, Main Street argues—in passing and without citation to case law—that "the subpoena is overbroad and was issued for the purpose of harassing Main Street." Main Street's failure to fully articulate its contention and cite to case law for this point constitutes waiver. *See, e.g., John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) ("[A]rguments raised in passing . . . but not squarely argued, are considered waived."); *United States v. Dupree*, 617 F.3d 724, 728 (3d Cir. 2010) (citation omitted) ("[A litigant] must unequivocally put its position before the trial court at a point and in a manner that permits the court to consider its merits."); Local Rule 7.1(c) ("Every motion not certified as uncontested, or not governed by Local Civil Rule 26.1(g), shall be accompanied by a brief containing a concise statement of the legal contentions *and authorities relied upon* in support of the motion.") (emphasis added). Because Main Street has failed to meet its "heavy burden" under the law to quash the subpoena, its motion is denied.